UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID FRANCIS, JR., | No. 2:18-cv-02589 AC |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB in October of 2014.  Administrative Record ("AR") 168-69.[2] The disability onset date was alleged to be November 26, 2013.  AR 187.  The application was

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 11-3 to 11-10 (AR 1 to AR 443).

1

disapproved initially and on reconsideration. AR 98-102, 106-11. On November 30, 2016, ALJ Lawrence J. Duran presided over the hearing on plaintiff's challenge to the disapprovals. AR 42 – 77 (transcript). Plaintiff, who appeared with his counsel "Ms. Hall," was present at the hearing. AR 44. "Mr. Dettmer," a Vocational Expert ("VE"), also testified at the hearing. Id.

On October 27, 2014, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 23-38 (decision), 39-41 (exhibit list). On February 13, 2018, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 9-14. Plaintiff was granted an extension of time to file a civil action challenging the decision. AR 1-2.

Plaintiff filed this action on September 21, 2018. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 9, 19. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 22 (plaintiff's summary judgment motion), 24 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1963, and accordingly was, at age 50, a person closely approaching advanced age under the regulations, at the alleged disability onset date.[3] AR 36. Plaintiff has at least a high school education, and can communicate in English. AR 190, 192. Plaintiff worked as a truck driver/local delivery person from 1983 through 2013. AR 192.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such

---

[3] See 20 C.F.R. § 404.1563(d) ("person closely approaching advanced age").

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff

3

is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill

4

v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2019.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since November 26, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: lumbar degenerative disc disease with radiculopathy, right carpal tunnel syndrome, right shoulder tearing of supraspinatus tendon, tendinopathy and tearing of the infraspinatus tendon, annular bulging and spondylitic ridging at C5-6 (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant may lift and carry 50 pounds occasionally and 25 pounds frequently with the left upper extremity; may lift and carry five pounds occasionally with the right upper extremity; may sit, stand and walk for six hours out of an eight hour day; may frequently climb stairs, stoop, kneel, and crouch; may never crawl or climb ladders, ropes or scaffolds; may frequently reach with the right upper extremity, but may never reach overhead; and may frequently handle and finger with the right hand, but may engage in no repetitive handling or fingering.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a Heavy Truck Driver.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 26, 2013, through the date of this decision (20 CFR 404.1520(g)).

AR 25-37.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 37.

## VI.  ANALYSIS

Plaintiff alleges that remand is required because (1) the ALJ improperly accepted the vocational expert's statements regarding plaintiff's prior work; (2) a subsequent decision found

plaintiff disabled; (3) the ALJ failed to develop the record on plaintiff's left hand capacity; (4) the ALJ improperly discredited plaintiff's testimony; and (5) the vocational expert did not discuss plaintiff's "no repetitive handling" limitation. ECF No. 22 at 2. The court agrees that the ALJ improperly discredited plaintiff's testimony, but rejects the other claims of error.

   A. Plaintiff Waived his Objection to the VE's Testimony Regarding Prior Work

Plaintiff contends that the ALJ erred by failing to recognize that the vocational expert testified that plaintiff could not do his past relevant work as performed—work which, while characterized as a Heavy Truck Driver, was actually a composite job that combined Heavy Truck Driver with Materials Handler. Defendant argues this challenge to plaintiff's categorization of past relevant work was waived, and the undersigned agrees. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

The Ninth Circuit has held that a plaintiff forfeits a challenge to specific issues and evidence if the challenge is not raised at the administrative level or on appeal. See Shaibi v. Berryhill, 883 F.3d 1102, 1108–09 (9th Cir. 2017) (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999) ("[w]e now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal")). The Ninth Circuit has recently confirmed that the waiver rule from Shaibi and Meanel applies equally to non-attorney representatives who are eligible for direct payment. See Keifer v. Saul, 789 F. App'x 581 (9th Cir. 2020) (unpublished) (concluding that a claimant who "was represented by a lay representative eligible for direct payment of fees under the Social Security Act" had "forfeited any challenge to the VE's job numbers because she failed to raise the issue during the administrative hearing").

Here, the VE testified that plaintiff's past relevant work was a Heavy Truck Driver, DOT 905.663-015, medium, which rose to heavy at times. AR 69. Plaintiff had a representative at the hearing, and his representative did not challenge this testimony or suggest that plaintiff's past relevant work should have been otherwise classified or recognized as a composite job. AR 69-76. Nor did plaintiff challenge this testimony, or the ALJ's reliance on it (AR 35), at any point before the ALJ or the Appeals Council. Plaintiff did not submit a reply brief in this court, and therefore

has not disputed defendant's assertion of waiver. For these reasons, the court agrees with defendant that this issue is waived.

### B. The 2019 Disability Decision Does Not Impact This Case

Plaintiff contends that a 2019 decision finding plaintiff disabled from February 8, 2017 through March 2019 is irreconcilable with the decision at issue here, which found plaintiff not disabled between November 2013 and February 7, 2017. ECF No. 22 at 14-15. Plaintiff's only argument is that the proximity of the not-disabled/disabled decisions requires remand of the first decision to consider post-hearing evidence considered in the second decision. Id. at 15.

The Ninth Circuit has twice considered, in published opinions, whether the situation of inconsistent consecutive disability decisions requires remand for the Commissioner to reconcile differing findings (non-disability and disability). In Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001), as amended (Nov. 9, 2001), the Ninth Circuit declined to remand on this issue because the subsequent disability determination relied on different medical evidence, a different time period, and a new age category. Bruton, 268 F.3d at 827. The court explained that "[u]nder 42 U.S.C. § 405(g), remand is warranted only if there is new evidence that is material and good cause for the late submission of the evidence. New evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination.'" Id. at 827 (quoting Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984) (internal quotation marks and citations omitted) (emphasis omitted)). However, in Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010), the Ninth Circuit remanded for the Commissioner to reconcile findings of non-disability and disability because the court could not reconcile those different findings on the record before it. See Luna, 623 F.3d at 1035. Luna did not overturn Bruton but distinguished it, stating that "[a]lthough we have previously upheld the denial of a remand for further proceedings in somewhat similar circumstances, it was in a case where an initial denial and subsequent award were easily reconcilable on the record before the court." Luna, 623 F.3d at 1035. Here, plaintiff argues this case is analogous to Luna, while defendant argues it is analogous to Bruton. The undersigned agrees with defendant that the new evidence, which is not material to the 2017

7

decision, and the 2018 change in age category reflected in the 2019 decision, make that decision irrelevant to the 2017 decision challenged here.

Plaintiff was found disabled in 2019 in part because new evidence post-dating the 2017 decision, specifically a January 2019 psychological examination and a January 2019 orthopedic examination, showed that plaintiff had a severe mental impairment limiting him to unskilled work, and showed that his physical RFC had decreased.  See ECF No. 24-2 at 3 (summarizing orthopedic examination as opining that the claimant could stand and walk six hours, lift and carry 20 pounds occasionally and 10 pounds frequently), 13, 17 (summarizing psychological examination to mean that the claimant could perform simple, repetitive tasks).  This new evidence meant that plaintiff could no longer perform his past relevant work as a heavy truck driver, which was medium and semiskilled work and, therefore, beyond his mental and physical capability as of January 2019.  This new evidence is not, on its face, relevant to the time period considered in the 2017 decision.  Further, plaintiff had reached a new age category as of 2018.  Id. at 18.  As in Bruton, the record thus offers a clear explanation for why plaintiff was found not disabled in the February 2017 ALJ decision but was found disabled in the February 2019 determination.  Accordingly, remand is not warranted on this basis.

      C.   The ALJ Improperly Rejected Plaintiff's Subjective Testimony

The ALJ improperly rejected plaintiff's subjective testimony regarding his pain and impairments.  Evaluating the credibility of a plaintiff's subjective testimony is a two-step process.  First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted, emphasis original).  Objective medical evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so."  Id. (internal citations omitted).

8

The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

The ALJ's opinion states that plaintiff's testimony is discredited for "reasons explained in [the] decision" (AR 29), but the only clear reason the ALJ provides is that plaintiff's "activities of daily living [ ] reveal a higher level of functioning than plaintiff alleged." AR 33. The activities of daily living the ALJ describes include living alone, managing personal hygiene, preparing his own meals, mopping, sweeping, vacuuming, washing dishes, caring for his chickens and dog, raking leaves, grocery shopping with a cart, visiting with friends, watching television, cooking, and taking walks that last approximately an hour and a half. Id. Without explanation, the ALJ concludes that such "activities of daily living are not consistent with the extent of limitation the claimant alleged." Id. The ALJ also recounts medical evidence, but does not clearly link the medical record to plaintiff's subjective testimony. AR 30-35.

### 1. Activities of Daily Living

The ALJ fails to explain how the plaintiff's limited activities of daily living transfer to a work setting or undermine his subjective testimony. The Ninth Circuit has held that "if a claimant 'is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (alteration in original) (emphasis in original) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). However, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." Id. (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)) (finding that activities such as walking in the mall and swimming are not necessarily transferable to the work setting with regard to the impact of pain as a claimant may do these activities despite pain for therapeutic reasons). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," and "[o]nly if the level of activity were inconsistent with [the claimant's] claimed limitations would these activities

have any bearing on [the claimant's] credibility." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ's reliance on plaintiff's daily activities to discount his subjective testimony fails on two fronts. First, the record indicates that though plaintiff engaged in the activities the ALJ recited, he did so on an infrequent and limited basis. He testified that he walks his dog and may visit his neighbors, but "I don't do much anymore." AR 53. When asked about hobbies, plaintiff reported "I like to cook, but all my hobbies I can't do anymore." Id. He stated that on average he watches TV about seven hours each day, reads for two hours each day, cooks around four times each week, and spends about half an hour each day doing chores and an hour and a half walking. AR 54. The record does not demonstrate a level of activity that is necessarily inconsistent with the plaintiff's claimed limitations, but rather reflects his limitations along with some efforts to lead a normal life.

Second, the ALJ did not describe how plaintiff's activities are transferable to a work setting. When considering a claimant's pain allegations, if the ALJ finds that "despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." Fair, 885 F.2d at 603. "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." Orn, 495 F.3d at 639 (alteration in original) (quoting Burch, 400 F.3d at 681).

As mentioned, the ALJ here failed to account for the infrequent and limited basis of plaintiff's daily activities. The ALJ did not recognize that plaintiff's daily activities are largely sedentary or discuss how these tasks are transferable to a work setting. AR 33, 53-54. In fact, the record demonstrates that plaintiff is unable to sustain laborious activities for long. For instance, though plaintiff occasionally does chores to maintain his household, he only spends half an hour each day on them. AR 54. Given the ALJ's failure to address the minimal extent of the tasks at issue and whether they are transferable, the conclusion that plaintiff's daily activities contradict his allegations regarding the intensity of her pain is not supported by substantial evidence. See,

1  e.g., Orn, 495 F.3d at 639 (holding that because "there is neither evidence to support that Orn's
2  activities were 'transferable' to a work setting nor proof that Orn spent a 'substantial' part of his
3  day engaged in transferable skills," the ALJ's adverse credibility determination was not supported
4  by substantial evidence).  Therefore, the court finds that substantial evidence does not support the
5  ALJ's adverse credibility determination pertaining to plaintiff's daily activities.

6            2.   Objective Medical Evidence

7       Without pointing out any particular contradictions, the ALJ states that a litany of medical
8  evidence "fails to support the full extent of limitation the claimant alleges."  AR 32.  Though a
9  lack of medical evidence supporting plaintiff's pain allegations is a factor that the ALJ can
10 consider in his credibility analysis, Burch, 400 F.3d at 681, it is insufficient without more to
11 discredit a plaintiff's symptom testimony.  "[T]he Ninth Circuit has repeatedly emphasized that,
12 'in evaluating the credibility of pain testimony after a claimant produces objective medical
13 evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints
14 based solely on a lack of medical evidence to fully corroborate the alleged severity of pain.'"
15 Ondracek v. Comm'r of Soc. Sec., No. 1:15-CV-01308-SKO, 2017 WL 714374, at *8 (E.D. Cal.
16 Feb. 22, 2017) (alteration in original) (quoting Burch, 400 F.3d at 680); see also, e.g., Rollins v.
17 Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("[S]ubjective pain testimony cannot be rejected on
18 the sole ground that it is not fully corroborated by objective medical evidence . . . .").  In sum,
19 "[a]lthough the inconsistency of objective findings with subjective claims may not be the sole
20 reason for rejecting subjective complaints of pain, it is one factor which may be considered with
21 others."  Salas v. Colvin, No. 1:13-CV-00429-BAM, 2014 WL 4186555, at *6 (E.D. Cal. Aug.
22 21, 2014) (citations omitted).

23      In this case, the court has found that the ALJ's other stated rationale for rejecting
24 plaintiff's testimony regarding the intensity, persistence, and limiting effects of pain (activities of
25 daily living) is not supported by substantial evidence.  The ALJ's rejection of plaintiff's symptom
26 testimony is thus left resting on his discussion regarding plaintiff's physical examinations,
27 diagnostic tests, and other objective evidence.  AR 30-33.  Though this evidence is a permissible
28 factor, an adverse credibility determination cannot rest solely on a lack of medical evidence to

corroborate the severity of the pain.  See, e.g., Burch, 400 F.3d at 681.  Accordingly, the ALJ's credibility finding based on the objective evidence is not supported by substantial evidence; this requires remand for reconsideration.

### D. Remaining Arguments

Plaintiff includes two additional, brief arguments in his motion, both of which the court finds somewhat underdeveloped and unpersuasive.  First, plaintiff asserts that there was insufficient evidence to support the ALJ's determination that plaintiff could frequently use his left hand for handling/fingering, citing evidence that his left hand was impaired.  ECF No. 22 at 16.  This argument, however, is not supported by the record, including plaintiff's own testimony.  Plaintiff testified that his left hand "still works fine" and "I do everything with my left hand" at the hearing.  AR 62, 63.  The court agrees that substantial evidence supports the ALJ's non-severe finding; plaintiff did not clearly allege or support this limitation, and his argument on appeal is underdeveloped.

Second, plaintiff contends the ALJ erred by failing to ask the vocational expert to consider plaintiff's preclusion from repetitive handling and fingering.  ECF No. 22 at 15-16.  However, the ALJ did include such a limitation in his question to the vocational expert.  AR 70 ("Frequent handling and fingering with the right hand, but no repetitive handling and fingering").  The ALJ asked a second time about repetitive handling and fingering regarding a cashier position, and the vocational expert testified that he would erode the number of cashier jobs by 75%, leaving 250,000 nationwide, because most of those jobs would have required repetitive handling and fingering.  AR 72.  The ALJ and vocational expert considered and discussed the limitation plaintiff says they did not consider. The court can find no error here.

### E. Remand is Necessary

The undersigned agrees with plaintiff that the ALJ's error in discounting plaintiff's testimony is harmful and remand for further proceedings by the Commissioner is necessary.  An error is harmful when it has some consequence on the ultimate non-disability determination.  Stout, 454 F.3d at 1055.  The ALJ's error in this matter was harmful because plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional

12

capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider plaintiff's testimony.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 22), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: August 27, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE